

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMIE L. EVANS,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant-Appellee.

No. 14-17228

D.C. No. 2:13-cv-01396-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted October 20, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and COLLINS,[***] Chief
District Judge.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

    [***] The Honorable Raner C. Collins, Chief United States District Judge for
the District of Arizona, sitting by designation.

Claimant Jimmie L. Evans appeals the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Reviewing the district court's decision de novo and the administrative law judge's ("ALJ") decision for substantial evidence, Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015), we affirm.

1. Claimant waived his argument that the ALJ failed to properly consider the Social Security Administration's Program Operations Manual System ("POMS") by failing to raise the argument to the district court. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992). Even if Claimant did not waive the argument, POMS "does not impose judicially enforceable duties on either this court or the ALJ." Kennedy v. Colvin, 738 F.3d 1172, 1177 (9th Cir. 2013) (internal quotation marks omitted).

2. The ALJ did not err in making her residual functional capacity ("RFC") determination. The assessment adequately accounts for the opinion of Dr. Miles White that Claimant is "unrestricted" in his ability to carry out simple job instructions but that he faces a number of moderate functional restrictions, as well as more "severe[]" restrictions in his ability to interact with coworkers, by concluding that Claimant is capable of simple, repetitive tasks but "cannot interact

with coworkers and would function best in an independent separate work area."

See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony.").  The RFC likewise accounts for the opinion of Dr. Anita Kemp that Claimant would function "best in [a] minimal interpersonal interaction type job."

**AFFIRMED**.